BOWMAN *vs.* JONES ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT.

If the appellant, relying on error apparent on the face of the record, fail to assign the order on which he relies within ten days from the filing of the transcript, he cannot do it afterwards, and the appeal will be dismissed.

This was an action brought by the payee against the drawees *in solido,* of a promissory note which was in the following terms: "Plaquemine, La., 5th May, 1831. In all the month of March next, we, or either of us, promise to pay to the order of Elias S. Bowman, the sum of six hundred and fifty-five dollars for value received, with the privilege of delaying the payment hereof for one year longer, by paying ten per cent. interest from the time this becomes due until paid. (Signed) William Jones, Daniel Corcoran, Benjamin W. Wilson."

The defendant pleaded the pendency of an another suit for the same cause of action between the same parties; and on the other suit being withdrawn, the exception was overruled. The cause was then submitted to a jury who returned a verdict against the defendants *in solido.*

The defendants appealed. The clerk certified that the transcript contained copies of all the documents and procedings had in the cause. No testimony was taken in writing at the trial, nor was there a statement of facts agreed on or made by the judge *a quo.* The transcript was filed on 1st of July, 1833, and on the 9th of January, 1834, the assignment of error was made.

*Nicholls,* for plaintiff and appellant, assigned for error apparent on the face of the record that:

1. A final judgment has been rendered against the appellant, without having previously taken a judgment by default. *Code of Practice,* 409.

*Ives*, for defendant and appellee, moved to dismiss the appeal:

1. Because there is no ground for appeal except an assigdment of errors which was not made according to law, and the appeal must be rejected. *See Code of Practice, art.* 897.

2. The appellant cannot rely wholly or in part on a statement of facts, an exception to the judges' opinion or special verdict; for by an inspection of the reverse, it will appear that there was no statement of facts; no testimony taken down in writing, no exception to the judges' opinion, no special verdict, and the appellant has not within ten days after the record was brought up, filed a written paper stating, specially or otherwise, any errors of law apparent on the face of the record.

MARTIN, J., delivered the opinion of the court.

The defendant and appellant prays the reversal of the judgment on the ground, that a final judgment was taken without a judgment by default having been previously obtained.

The plaintiff and appellee has prayed for the dismissal of the appeal, as the appellant relies only on an error apparent on the face of the record, which was not assigned till after the period fixed for such an assignment by the *Code of Practice-* There is no statement of facts, bill of exception, or special verdict.

If the appel-
lant, relying on
error apparent on
the face of the
record, fail to as-
sign the error on
which he relies,
within ten days
from the filing of
the transcript, he
cannot do it af-
terwards, and the
appeal will be dis-
missed.

The *Code of Practice*, 897, provides that "the appellant who does not rely wholly or in part on a statement of facts, an exception to the judges' opinion, or a special verdict to sustain his appeal, but an error apparent on the face of the record shall be allowed to allege such error, if within ten days after the record is bronght up, he files in the Supreme Court, a written paper stating specially such error, as he alleges, otherwise his appeal shall be rejected."

The record of this case was brought up on the 1st July,

1833,, the appellant filed no point or plea till the 9th of <span>EASTERN DIS.<br>*January, 1833.*</span>
January, 1834, when he alleged the error on which he had
built on hopes, for the reversal of the judgment.

Two terms of this court, viz: November and December,
elapsed and eight judicial days in January, between the
period of bringing up the record and the day on which the
appellant assigned the error.

This appeal, therefore, in the language of the *Code of Practice*, must be rejected.